Matthias, J.,
 

 dissenting. I concur in the restatement of law contained in the syllabus but, being of the opinion that the facts presented by the record in this case do not warrant a recovery of damages for the injury claimed to have been sustained, I cannot concur in the judgment rendered by the majority.
 

 The electrically operated device known, as “The Bug” is not designed to operate smoothly, but on the contrary it is designed to operate by sudden and violent jerking and jostling, thus calculated to produce the very thrills which passengers seek and pay fox. In the absence of such conditions, “The Bug” would cease to be an attraction to those who, like the plaintiff, were looking for that sort of entertainment. There is neither claim nor proof of any mechanical defect in the apparatus or any difference of operation from that upon the several previous occasions when plaintiff had ridden and had thus become familiar with the method of operation, except possibly that she was seated in a different place or in a different position than theretofore.
 

 The very lucid statement of Chief Justice Cardozo in the case of
 
 Murphy
 
 v.
 
 Steeplechase Amusement Co.,
 
 250 N. Y., 479, wherein recovery was denied for injury claimed to have resulted from a voluntary ride on a sporting instrumentality designed to produce thrills, which w*as called “The Flopper,” is so pertinent and
 
 *373
 
 pointed and so applicable to this case that the following portion thereof is quoted:
 

 “The very name above the gate, the Flopper, was warning to the timid. If the name was not enough, there was warning more distinct in the experience of others. * # * The tumbling bodies and the screams and laughter supplied the merriment and fun. * # * One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball. * * * The antics of the clown are not the paces of the cloistered cleric. The rough and boisterous joke, the horseplay of the crowd, evokes its owin guffaws, but they are not the pleasures of tranquility. The plaintiff was not seeking a retreat for meditation. Visitors were tumbling about the belt to the merriment of onlookers when he made his choice to join them. He took the chance of a like fate, with whatever damage to his body might ensue from such a fall.”
 

 ‘Weygandt, C. J., concurs in the dissenting opinion.